UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EVIG, LLC,, <br><br> Plaintiff(s), <br><br> v. <br><br> NATURES NUTRA COMPANY, <br><br> Defendant(s). | Case No. 2:23-CV-833 JCM (BNW) <br><br> ORDER |

Presently before the court is defendant Natures Nutra Company's motion to dismiss plaintiff EVIG LLC's complaint. (ECF No. 7). Plaintiff filed a response (ECF No. 8), to which defendant replied (ECF No. 9).

**I.     Background**

This matter arises out of alleged trade dress infringement. Plaintiff markets and sells health supplements that contain concentrated servings of fruit and vegetables. As alleged in the complaint, it has been selling its "proprietary blend" of nutrients for more than 20 years. (ECF No. 1-1).

Its products are sold in bottles with specific color schemes—red for fruits, green for vegetables, both with yellow lettering—feature a specific layout of fruits and vegetables on the packaging, and the text is set in a specific typeface (including replacing the letter a in the word nature with a leaf design). *See* (*id*. at 4). The bottles also both feature the words "Whole Produce" above either "Fruits" or "Veggies" depending on the product, and each bottle notes that it contains 90 capsules. (*Id.*) According to plaintiff, defendant has copied these allegedly distinctive elements in the packaging of its own supplements that compete with plaintiff's

**James C. Mahan**
**U.S. District Judge**

product, and plaintiff provides side-by-side photos of the products purporting to prove the similarity. (*Id.* at 5).

As a result, plaintiff brought this suit in state court alleging that that defendant has infringed upon its trade dress, amongst other claims. (ECF No. 1-1). Defendant then timely removed to this court (ECF No. 1) and now moves to dismiss the complaint in its entirety. (ECF No. 7).

## II.     Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

**James C. Mahan**
**U.S. District Judge**

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend unless the deficiencies cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and absent "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the opposing party . . . futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court should grant leave to amend "even if no request to amend the pleading was made." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted).

**III.   Discussion**

Defendant seeks to dismiss each of plaintiff's claims because they are insufficiently pled. Plaintiff responds with conclusory and irrelevant arguments that fail to explain how it has properly pled its claims for relief and intimates that the court should excuse any pleading deficiencies because defendant "understands the claims as set forth in the [c]omplaint." (ECF No. 1-1 at 3). But whether a defendant "understands" the claims is irrelevant. Plaintiff must set

James C. Mahan
U.S. District Judge

- 3 -

forth sufficient facts to state a claim of relief that is plausible (not merely possible) on its face. *Iqbal*, 556 U.S. at 678, Plaintiff has failed to do that here, and the court dismisses each of its claims.

### A. Injunctive and Declaratory Relief

As an initial matter, the court dismisses plaintiff's first two causes of action—declaratory relief and injunctive relief. As to the declaratory relief claim, it is substantively identical to plaintiff's trade dress claim. It seeks a declaration that defendant has infringed on plaintiff's rights. Because adjudication of the trade dress claim requires the court to make exactly that determination, this claim is duplicative, and the court dismisses it.

As to the injunctive relief claim, injunctive relief is not an independent, free-standing cause of action. It is a form of relief the court may grant. Indeed, subsequent to this motion, plaintiff filed a motion for a preliminary injunction seeking exactly that relief. Thus, the court dismisses this claim as well, but it may issue injunctive relief as a remedy if appropriate.

### B. False Advertising

Plaintiff's third cause of action is styled as a claim for "False Advertising/Lantham [sic] Act Violation/Unfair Competition." While this is, on its face, a run-of-the-mill Lanham Act claim, plaintiff's nomenclature is baffling for two reasons. First, plaintiffs asserts in its response that it "did not necessarily make a false advertising claim." (ECF No. 8 at 3). Second, the allegations in the complaint seem more akin to a false association claim than a false advertising claim—the two of which are markedly different claims with distinct legal analyses.

Plaintiff's response is similarly unhelpful in deciphering the basis for the claim. The only two legal citations contained as support for it are a nonsensical citation to 17 C.F.R. § 240c-6(a) (a Securities and Exchange Commission regulation defining a false or misleading statement in the context of a company's disclosure obligations prior to a shareholder meeting) and to 15 U.S.C. § 1125(a)(1)(A) (the trade dress false association statute). Despite this, plaintiff goes on to analyze the five elements of a false advertising claim brought under § 1125(a)(1)(B) leaving the court unsure of plaintiff's intended claim.

**James C. Mahan**
**U.S. District Judge**

- 4 -

The Supreme Court and the Ninth Circuit have both drawn sharp distinctions between claims brought under § 1125(a)(1)(A) and § 1125(a)(1)(B). *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 872 U.S. 118, 122 (2014) (*citing Waits v. Frito-Lay, Inc.*, 978 F.2d 1093, 1108 (9th Cir. 1992)) ("Section 1125(a) thus creates two distinct bases of liability: false association, §1125(a)(1)(A), and false advertising, §1125(a)(1)(B)."). In a false advertising claim originating under subsection B, "the question is not confusion of source, but confusion as to a competing product's attributes." *Spring Mills, Inc. v. Ultracashmere House, Ltd.,* 532 F. Supp. 1203, 1220 (S.D.N.Y. 1982), *rev'd on other grounds,* 689 F.2d 1127 (2d Cir. 1982). Put another way, false advertising claims focus on whether a defendant has made some false statement in advertising about the product that fundamentally misrepresents its qualities.

A false association claim under subsection A, on the other hand, serves as the functional equivalent of a traditional trademark infringement claim for unregistered marks and trade dress. *See 1-800 Contacts, Inc. v. Lens.Com, Inc.*, 722 F.3d 1229, 1238 (10th Cir. 2013). That is, the focus of the claim is on whether the trade dress (or unregistered mark) causes confusion by leading consumers to think that two products from different sources actually come from the same source. *See Waits*, 978 F.2d at 1108.

At bottom, the court understands plaintiff's allegations to be that because defendant has allegedly copied plaintiff's trade dress, it is falsely advertising its products as plaintiff's and causing consumer confusion. That is a paradigmatic trade dress/false association violation claim, not a false advertising claim. The harm here is not that defendant has misrepresented the qualities of a product in some fundamental way; it is that its product looks too similar to plaintiff's, and thus consumers will be confused into buying it rather than plaintiff's competing supplements.

Regardless, the substance of plaintiff's third cause of action fails under either analysis. As a false advertising claim, it misses the mark because the only allegation related to any sort of false or misleading statement and thus able to support this theory is the conclusory assertion "[t]hat [d]efendant advertised its products for sale on Amazon and made false or misleading statements about their [sic] products." (ECF No. 1-1 at 8). The remaining accusations suggest

**James C. Mahan**
**U.S. District Judge**

- 5 -

that defendant should be liable for causing consumers confusion as to the source of the products—i.e., a false association claim. As a false association claim, though, it is duplicative of the fifth cause of action for trade dress infringement. Therefore, the court dismisses plaintiff's third cause of action.

### C. Intentional Interference with Prospective Economic Advantage

Plaintiff's fourth cause of action for intentional interference with economic relations also fails. That claim requires a plaintiff to allege "(1) a prospective contractual relationship between the plaintiff and a third party; (2) knowledge by the defendant of the prospective relationship; (3) intent to harm the plaintiff by preventing the relationship; (4) the absence of privilege or justification by the defendant; and (5) actual harm to the plaintiff as a result of the defendant's conduct." *Consol. Generator–Nev., Inc. v. Cummins Engine Co.*, 971 P.2d 1251, 1255 (1998) (per curiam).

Courts in this district of regularly held that such generalized pleading about hypothetical consumers is insufficient to survive a motion to dismiss. *See Rimini St., v. Oracle Int'l Corp.*, 2017 WL 5158658, at *9 (D. Nev. Nov. 7, 2017)*; Coffee v. Stolidakis,* 2022 WL 2533535 (D. Nev. July 6, 2022); *Matthys v. Barrick Gold of N. Am.,* 2020 WL 7186745 (D. Nev. Dec. 4, 2020). This court agrees.

Here, plaintiff's allegations are wholly speculative. Nowhere in the complaint does it identify a single consumer with whom it had a prospective contract that instead purchased defendant's goods. The allegations simply assume that defendant must have known that plaintiff had relationships with "consumers" generally.

As plaintiff acknowledges in its response, it does not currently know of any specific customers but in discovery it believes it "will learn the identity of the customers and will have the opportunity to inquire about their thoughts and impressions or misimpressions regarding the purchase of the products." (ECF No. 8 at 8). Whether that is ultimately true or not is irrelevant; the complaint contains nothing but speculation that such a customer even exists. This court will not "condone the use of discovery to engage in fishing expeditions" when a plaintiff's allegations

James C. Mahan
U.S. District Judge

- 6 -

are based on mere speculation. *Webb v. Trader Joe's Co.*, 999 F.3d 1196, 1204 (9th Cir. 2021) (alterations, quotations, and citation omitted).

The complaint does little more than speculate that harm might have occurred while parroting the elements of this claim, and such "formulaic recitations" are insufficient to state a claim for relief. *Iqbal*, 556 U.S. at 678. Thus, the court will dismiss this claim as well.

### D.  Trade Dress Violation

Plaintiff's primary claim is its fifth cause of action for trade dress infringement, or as styled in the complaint "Latham [sic] Act, Trade Dress Violation." (ECF No. 1-1 at 10). This claim, as with each of the others, is insufficiently pled and the court will dismiss it.

Trade dress must be both distinctive and nonfunctional to be protected. *Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 210 (2000). Several district courts in this circuit have determined that a party must set forth an exhaustive list of protected elements to successfully plead a clam for trade dress infringement. *See, e.g.*, *Lepton Labs, LLC v. Walker,* 55 F. Supp. 3d 1230, 1240 (C.D. Cal. 2014). This list of elements is designed to give a defendant notice of the specific trade dress elements it has allegedly infringed. *Id.* at 1240.

However, use of language like "including" or "for example" to introduce the list of elements fails to provide a defendant with notice because it does not clearly delineate the boundaries of the protection plaintiff claims. *See Mosaic Brands, Inc. v. Ridge Wallet LLC,* No. 2:20-CV-04556-AB-JCX, 2020 WL 6821013, at *6 (C.D. Cal. Oct. 29, 2020) (citing *Sugarfina, Inc. v. Sweet Pete's LLC*, No. 17-cv-4456-RSWL-JEM, 2017 WL 4271133, at *4 (C.D. Cal. Sept. 25, 2017)). In other words, when a party pleads a list of elements with a non-limiting qualifier, it does not give adequate notice of its intended claims and leaves the door open to an attempt to redefine the purportedly protected elements at a later stage of litigation. *See Sleep Sci. Partners v. Lieberman,* No. 09-04200 CW, 2010 WL 1881770, at *3 (N.D. Cal. May 10, 2010).

Here, plaintiff's claimed elements present two problems. First, the list of elements in paragraph 16 is preceded by a non-limiting qualifier—"includes." (ECF No. 1-1 at 4). Second, plaintiff seeks to redefine the list even within the complaint by later including allegations that some of the labeling (the "supplemental facts") is also protected trade dress despite not being

James C. Mahan
U.S. District Judge

- 7 -

included in the list. (*Id.* at 10–11). Defendant cannot possibly have notice of the claims against it when even the complaint itself present a moving target.

Moreover, the complaint does not contain any allegations that plaintiff maintained priority of use (i.e., used the trade dress first) or that the alleged trade dress is nonfunctional.[1] Plaintiff simply rattles off a list of the elements of trade dress infringement, concludes that the two products look similar, and proffers a side-by-side photograph that invites the court to draw its own conclusions. The court will not do so. Because plaintiff has not provided a bounded list of protectible elements or properly pled its pre-existing rights in its purported trade dress, the court will dismiss this claim as well.

### E. State Law Dilution

Plaintiff's final claim alleges violation of the Nevada dilution statute, NRS 600.435.[2] Trademark dilution occurs when a junior user's mark causes a senior user's mark to lose its distinctiveness. *See* Nev. Rev. Stat. 600.435(5)(b). Amongst other things, a dilution claim requires that the plaintiff's mark be "famous," and the dilution statute lays out eight factors courts are to consider when evaluating claims of fame. *Id.* at 600.435(2)(a)–(h).

However, the court need not contend with that multi-factor test as plaintiff fails to even allege the mark is famous to begin with. It simply posits that it has used the mark for roughly 20 years and assumes that makes the mark famous. However, courts in this district have found that a plaintiff must explicitly allege that the mark or trade dress is famous and support this contention to succeed on a dilution claim. *See Carpet Cops, Inc. v. Carpet Cops, LLC*, No. 3:11-CV-00561-RCJ, 2012 WL 3929783 (D. Nev. Sept. 6, 2012) (declining to award default judgment on a dilution claim where plaintiff did not allege the mark was famous in Nevada).

---

[1] Indeed, while the court need not address functionality to adjudicate this motion, it is skeptical that certain elements are nonfunctional and thus protectible. In particular, the supplemental facts label that plaintiff claims is protected (but curiously omits from its non-exhaustive list of trade dress elements) seems to be a functional description of the ingredients.

[2] Plaintiff's claim is styled as "Violation of NRS 600.435 and 600.440 and/or 600.450." (ECF No. 1-1 at 12). Section 600.450 discusses inapplicable criminal penalties, and 600.440 provides that the list of statutory remedies for trade dress (and trademark ) registrations also include common law remedies. Section 600.435 is thus the relevant statute here.

**James C. Mahan**
**U.S. District Judge**

- 8 -

Moreover, as with the trade dress claim, plaintiff fails to establish priority of use. It does not allege when (even approximately) its trade dress allegedly became famous. Specifically, there are no allegations that the trade dress was famous before defendant allegedly began infringing and diluting it. Thus, this claim does not allow the court to infer more than a mere possibility of relief in its current state, and the court dismisses it.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss (ECF No. 7) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's complaint be, and the same hereby is, DISMISSED, without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion for a preliminary injunction (ECF No. 11) be, and the same hereby is, DENIED as moot.

DATED August 2, 2023.

_____
UNITED STATES DISTRICT JUDGE